UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE TOROK,<br><br>    Plaintiff,<br><br>  v.<br><br>VERTIV CORPORATION,<br><br>    Defendant. | No. C 24-01645 WHA<br><br>**ORDER DENYING MOTION FOR CLASS CERTIFICATION** |

**INTRODUCTION**

In this proposed wage-and-hour class action, plaintiff moves for class certification under FRCP 23(b)(3). Because of plaintiff's criminal history, he is unfit to serve in a fiduciary capacity and his motion to represent a class is **DENIED**.

**STATEMENT**

Defendant Vertiv Corporation produces commercial and industrial infrastructure (power and thermal management systems for data centers, for example) and provides onsite service and maintenance of the same. Vertiv's California non-exempt employees can be categorized generally as "office employees" (those who perform various administrative functions from Vertiv offices) manufacturing and warehouse employees (those who work in Vertiv facilities in

San Diego and Calexico) and field employees (those who travel to customer properties to perform maintenance and installation services).

Plaintiff Lawrence Torok worked for Vertiv from October 2018 to August 2023 as a "Customer Engineer III." He was, like most of Vertiv's California personnel, a field employee. Vertiv furnishes field employees with work vans, which they use to travel from their homes to their assigned worksites, and mobile devices, with which they record their time worked.

Plaintiff filed this putative class action in February 2024, alleging, among other things, that defendant failed to provide the meal and rest breaks and overtime pay required by California's Labor Code. He now moves for class certification. Plaintiff failed to attend the hearing, although counsel did attend.

In its opposition papers, defendant argued that plaintiff is not an adequate class representative because of "at least three felonies" in Placer County Superior Court (Dkt. No. 49 at 29). Defendant "ha[d] not been able to confirm whether a conviction ha[d] been entered" (*ibid*). Plaintiff's reply was silent on the issue. A week before oral argument, the undersigned ordered plaintiff's counsel to "submit a sworn declaration to the Court detailing every conviction (if any) entered against Lawrence Torok" (Dkt. No. 69). Counsel responded that "[g]iven the short turn around on this request," he did not perform a full background check, but instead conducted his own online research and spoke with his client directly. Torok, for his part, told his attorney that he could remember two prior felony convictions and a 2015 conviction for stalking an ex-girlfriend, and that he is *currently* facing fresh felony charges. The current charges relate to the possession of a "ghost gun," drugs, and drug paraphernalia. At oral argument, meanwhile, plaintiff's counsel alluded to yet another conviction in 2016. The full extent of plaintiff's criminal record remains unknown.

This order follows briefing and oral argument.

2

**ANALYSIS**

This order cuts to the marrow: Plaintiff is not an adequate class representative and cannot meet Rule 23(a)(4)'s requirement that he "fairly and adequately protect the interests of the class."

*First*, plaintiff is not fit to serve as a fiduciary.

"[I]t is self-evident that a Court must be concerned with the integrity of individuals it designates as representatives for a large class of plaintiffs." *In re Computer Memories Sec. Litig.*, 111 F.R.D. 675, 682 (N.D. Cal. 1986) (Judge Eugene Lynch). A class representative takes on a fiduciary duty vis-à-vis the absent members of the class, and the vindication of the class's rights turns in large part on the integrity of its representative. As the Supreme Court has explained in the analogous shareholder derivative action context:

> [Plaintiff] sues, not for himself alone, but as representative of a class comprising all who are similarly situated. The interests of all in the redress of the wrongs are taken into his hands, dependent upon his diligence, wisdom and integrity. . . . He is a self-chosen representative and a volunteer champion.

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 549 (1949).

Counsel have failed to produce a full accounting of defendant's criminal history. It is nevertheless clear that plaintiff is a felon several times over. Only after an inquiry by the judge, counsel stated that plaintiff recollects the following convictions:

> He was convicted of a felony in approximately 1976-1978, when he was between 18 and 20 years old, for the procession [*sic*] of a "billy club." He states that he used this club for cat-fishing, but plead [*sic*] guilty to the charge. He served no prison time.
>
> He states that he was convicted in of [*sic*] possession of methamphetamines in 1996, for which he served 4 years and 11 months in prison. . . . He also states that he was charged with stalking his ex-girlfriend in or around 2015. The conviction entered is unclear, but Plaintiff did serve 2 months in prison relating to this charge.

(Dkt. No. 70 at 3). At oral argument, plaintiff's counsel referenced another conviction in 2016. What's more, plaintiff is "facing charges in a *current* criminal matter, which are pending and under investigation" (*ibid*. (emphasis added)). Plaintiff's counsel declined to state the nature

3

of the current charges in his declaration and at oral argument (*ibid.*). Defense counsel, however, stated at oral argument that the currently pending charges relate to a March 2023 arrest for the possession of drugs, drug paraphernalia, and a "ghost gun," and read into the record a press release from the Wheatland police department so stating. This extensive criminal record was not mentioned in the motion for class certification and only surfaced due to defense counsel's good work. The resolution of *several* more arrests remain unaccounted for, as plaintiff and his counsel have not produced a full record — only plaintiff's own recollection.

One important fiduciary duty of a class representative is to decide whether to settle. A convicted felon (several times over) should not be placed in a position to make this important decision on behalf of a class.

*Second*, allowing plaintiff to act as class representative will prejudice the class. Plaintiff was terminated by defendant for stealing (and then destroying) company property:

> [Defendant] was terminated on August 4, 2023 for theft and fraud. While he was on a medical leave of absence, permitted to perform no work, he picked up a Vertiv van and took it for personal use. He also used his company fuel card to refuel the van, despite only using for personal use at the time. When we discovered this, we terminated him and demanded he return the van along with his tools and company provided electronic devices. He did not do so. We had to retain a property recovery specialist to repossess the car . . . . We were not able to recover the tools or electronic devices.

(Dkt. No. 49-1 at 6).

A service technician (and member of plaintiff's proposed class) attests:

> I was task[ed] with cleaning the vehicle so it could be assigned to another tech. It was filthy. I found garbage, cigarette butts, discarded clothing, camping gear, gardening material, marijuana bags, and even used needles. The wiring was tampered with. The back of the van looked like he had lit a campfire inside.

(*id.* at 29).

Plaintiff failed to rebut any of this in his reply.

Plaintiff's credibility problems — both his record and his conduct — render him an inadequate representative. At trial he will be clobbered on the stand, undercutting the class's

4

case. In settlement negotiations, the threat of such clobbering will be priced into any deal, again prejudicing absent members.

In sum, the problem is two-fold. *First*, and most importantly, plaintiff should not be placed in a fiduciary position. He is a multiple-time felon with a long criminal history *and* pending felony charges. *Second*, his flaws will drag down the proposed class at trial and during settlement.

It is no answer that counsel will make up for the representative's flaws, and that the judge, in any event, must approve any settlement reached. Rule 23 insists on the further safeguard of an adequate representative.

**CONCLUSION**

Plaintiff's counsel had a duty to vet plaintiff before advancing him as the class representative and utterly failed to do so. Counsel should have done a better job. The motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 29, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE